J-S74016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: A.J.P., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: D.B., FATHER | |
| | No. 964 EDA 2016 |

Appeal from the Order Entered March 3, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-DP-0001876-2014
CP-51-AP-0000145-2016

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 22, 2016**

D.B. ("Father") appeals from the March 3, 2016 decree involuntarily terminating his parental rights to his son, A.J.P., born in May of 2006.[1]  We affirm.[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] By separate decree entered on March 3, 2016, the trial court involuntarily terminated the parental rights of A.P. ("Mother").  Mother filed an appeal from the decree, which is docketed at 1089 EDA 2016.  This Court disposed of Mother's appeal by separate memorandum.

[2] The trial court also issued a goal change order dated March 3, 2016, and Father timely filed a notice of appeal.  We conclude that Father's appeal from the goal change order is waived because he has not raised any claim regarding it in his brief.  ***See Krebs v. United Refining Co. of Pa.***, 893 A.2d 776, 797 (Pa. Super. 2006) ("We will not ordinarily consider any issue
*(Footnote Continued Next Page)*

We summarize the factual and procedural history as follows. On August 6, 2014, A.J.P. was removed from Mother's custody and placed with his maternal aunt as a result of allegations against Mother of child abuse and illegal marijuana use. Trial Court Opinion, 6/8/16, at 2-3. The trial court adjudicated A.J.P. dependent on August 20, 2014. *Id.* at 3.

Father has been incarcerated throughout the history of this case. On September 30, 2015, he entered a guilty plea on charges of murder in the third degree and aggravated assault. *Id.* at 7. Father was sentenced to a term of incarceration of 22 ½ to 45 years imprisonment. *Id.* By the time of the subject proceedings, Father was incarcerated at the State Correctional Institution - Smithfield, where he was housed in a restricted unit and not permitted any contact with visitors. *Id.* at 8.

During A.J.P.'s dependency, Father was assigned a single case plan requiring him to remain in communication with the child. N.T., 3/3/16, at 22. On February 16, 2016, the Philadelphia County Department of Human Services ("DHS") filed a petition for the involuntary termination of Father's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), and (b). On March 3, 2016, the trial court held a hearing during which DHS presented the testimony of Yoanny Santos and Deitra Price, case managers at the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

if it has not been set forth in or suggested by an appellate brief's statement of questions involved. . . .") (citations omitted).

Community Umbrella Association ("CUA") - Northeast Treatment Center ("NET"). In addition, Father testified on his own behalf.

By decree dated and entered on March 3, 2016, the trial court involuntarily terminated Father's parental rights. Father timely filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i) and (b).

On appeal, Father presents three issues for our review:

1. Whether the [t]rial [c]ourt erred by terminating the parental rights of [Father] under 23 Pa.C.S.A. § 2511(a)(1)?

2. Whether the [t]rial [c]ourt erred by terminating the parental rights of [Father] under 23 Pa.C.S.A. § 2511(a)(2)?

3. Whether the [t]rial [c]ourt erred by terminating the parental rights of [Father] under 23 Pa.C.S.A. § 2511(b)?

Father's brief at 5.

Our standard of review is as follows:

The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

- 3 -

Termination of parental rights is governed by Section 2511 of the Adoption Act, 23 Pa.C.S. §§ 2101-2938, which requires a bifurcated analysis.

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted).

We need only agree with the trial court as to any one subsection of Section 2511(a), as well as Section 2511(b), in order to affirm. *See In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*). In this case, we conclude that the certified record supports the decree pursuant to Section 2511(a)(2) and (b), which provide as follows.

> **(a) General rule.--**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> . . .
>
> > (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the

- 4 -

incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

. . .

**(b) Other considerations.--**The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S. § 2511(a)(2), (b).

With respect to Section 2511(a)(2), this Court has stated:

[T]he following three elements must be met (1) repeated and continued incapacity, abuse, neglect or refusal; (2) such incapacity, abuse, neglect or refusal has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being; and (3) the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied.

*In re Adoption of M.E.P.*, 825 A.2d 1266, 1272 (Pa. Super. 2003) (citation omitted). Further, we have explained that, "[t]he grounds for termination due to parental incapacity that cannot be remedied are not limited to affirmative misconduct. To the contrary, those grounds may include acts of refusal as well as incapacity to perform parental duties." *In re A.L.D.*, 797 A.2d 326, 337 (Pa. Super. 2002) (citations omitted).

With respect to Section 2511(b), this Court has stated that, "[i]ntangibles such as love, comfort, security, and stability are involved in

the inquiry into the needs and welfare of the child." *In re C.M.S.*, 884 A.2d 1284, 1287 (Pa. Super. 2005) (citation omitted). Further, the trial court "must also discern the nature and status of the parent-child bond, with utmost attention to the effect on the child of permanently severing that bond." *Id*. (citation omitted). However, "[i]n cases where there is no evidence of any bond between the parent and child, it is reasonable to infer that no bond exists. The extent of any bond analysis, therefore, necessarily depends on the circumstances of the particular case." *In re K.Z.S.*, 946 A.2d 753, 762-763 (Pa. Super. 2008) (citation omitted).

Instantly, Father acknowledges, "he will be in prison during the child's minor years." Father's brief at 17. Nevertheless, he relies on this Court's decision in *In the Interest of C.S.*, 761 A.2d 1197, 1201 (Pa. Super. 2000) (*en banc*), wherein we affirmed the order terminating the incarcerated father's parental rights under Section 2511(a)(1). Specifically, Father argues that the trial court erred in terminating his parental rights pursuant to Section 2511(a)(2) because "[i]ncarceration alone is not sufficient to support termination under any subsection." Father's brief at 17. Although Father acknowledges that, "an incarcerated parent's responsibilities are not tolled during incarceration," he asserts that he never received the single case plan established by DHS in this matter. *Id*. As such, Father argues he "could not begin the process of availing himself [of] services in prison and perform[ing] his parental duties." *Id.* Father's issue is without merit.

In ***In re Adoption of S.P.***, 47 A.3d 817 (Pa. 2012), our Supreme Court held that this Court erred in reversing the trial court's order involuntarily terminating the incarcerated father's parental rights pursuant to Section 2511(a)(2). Specifically, our Supreme Court explained that we misinterpreted ***In re Adoption of McCray***, 331 A.2d 652 (Pa. 1975), which considered the termination of parental rights of incarcerated parents involving abandonment, now codified at Section 2511(a)(1), as providing that incarceration alone cannot be grounds for termination under any provision of Section 2511(a). ***S.P.***, 47 A.3d at 828. Further, the ***S.P.*** Court stated that we misapplied ***McCray*** by "conflating the statutory criteria for termination in a § 2511(a)(1) abandonment case with the standard applicable in a § 2511(a)(2) incapacity case." ***Id.*** at 828. Importantly, the ***S.P.*** Court stated:

> [W]e now definitively hold that incarceration, while not a litmus test for termination, can be determinative of the question of whether a parent is incapable of providing "essential parental care, control or subsistence" and the length of the remaining confinement can be considered as highly relevant to whether "the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent," sufficient to provide grounds for termination pursuant to 23 Pa.C.S. § 2511(a)(2).

***Id.*** at 830.

Based on the holding in ***In re Adoption of S.P.***, ***supra***, we conclude that ***In the Interest of C.S.***, ***supra***, which Father relies on, is inapposite in this matter. In ***In the Interest of C.S.***, we considered incarceration under

Section 2511(a)(1). We will not "conflate" the statutory criteria for termination in this case, which we have reviewed under the standard applicable in a Section 2511(a)(2) incapacity case.[3]

We discern no abuse of discretion by the trial court in terminating Father's parental rights pursuant to Section 2511(a)(2) due to his "ongoing inability to provide care or control for the [c]hild or perform any parental duties because he is incarcerated, sentenced to 22.5 to 45 years in prison." Trial Court Opinion, 6/8/16, at 15. As such, Father's argument with respect to Section 2511(a)(2) fails.

In addition, we reject Father's bald assertion that DHS did not provide clear and convincing evidence regarding Section 2511(b). This Court has explained as follows:

> While a parent's emotional bond with his or her child is a major aspect of the subsection 2511(b) best-interest analysis, it is nonetheless only one of many factors to be considered by the court when determining what is in the best interest of the child. *In re K.K.R.S.*, 958 A.2d 529, 533-536 (Pa. Super. 2008). The mere existence of an emotional bond does not preclude the termination of parental rights. *See In re T.D.*, 949 A.2d 910 (Pa. Super. 2008) (trial court's decision to terminate parents' parental rights was affirmed where court balanced strong emotional bond against parents' inability to serve needs of child). Rather, the orphans' court must examine the status of the bond to determine whether its termination "would destroy an existing, necessary and beneficial relationship." *In re Adoption of T.B.B.*, 835 A.2d 387, 397 (Pa. Super. 2003). As we explained in *In re A.S.*, 11 A.3d 473, 483 (Pa. Super. 2010),

---

[3] Based on this disposition, we need not review Father's issue with respect to Section 2511(a)(1).

- 8 -

> [I]n addition to a bond examination, the trial court can equally emphasize the safety needs of the child, and should also consider the intangibles, such as the love, comfort, security, and stability the child might have with the foster parent. Additionally, this Court stated that the trial court should consider the importance of continuity of relationships and whether any existing parent-child bond can be severed without detrimental effects on the child.

*In re N.A.M.*, 33 A.3d 95, 103 (Pa. Super. 2011).

Instantly, Yoanny Santos, the CUA case manager, testified that although A.J.P. has a relationship with Father, it is not a strong relationship. N.T., 3/3/16, at 24. She testified that A.J.P. has never lived with Father, and that "they've had very little communication. . . ." *Id.* Ms. Santos testified that A.J.P. would not be irreparably harmed if Father's parental rights are terminated. *Id.* Because there is no record evidence of a parent-child bond between A.J.P. and Father, it was reasonable for the court to infer that no such bond exists. *See In re K.Z.S.*, *supra*. Therefore, we discern no abuse of discretion by the trial court in terminating Father's rights pursuant to Section 2511(b). Accordingly, we affirm the decree pursuant to Section 2511(a)(2) and (b).

Decree affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2016